United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-60406

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVE MICHAEL FASONO, aka STEVE MICHAEL FASANO

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:04-CR-34)

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Steve Michael Fasono challenges

his conviction for bank robbery. On appeal, Fasono makes

two arguments. First, he contends that the evidence is

insufficient to support his conviction. Second, because

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

at trial the Government did not produce an eyewitness's previous written account of the robbery, Fasono argues that the district court reversibly erred by not giving the jury a spoliation instruction. We find both arguments unpersuasive.

Fasono did not move for judgment of acquittal based on insufficient evidence after the close of all the evidence. Therefore, our review is for plain error, and we will reverse only if we find the record devoid of evidence pointing to guilt. *See United States v. Sam*, 467 F.3d 857, 860 (5th Cir. 2006). The record is in no way devoid of such evidence.

The following record evidence points to Fasono's guilt: (1) bank video camera footage showed a man with Fasono's build robbing the bank; (2) four eyewitnesses identified Fasono as the robber; (3) vehicle records revealed that Fasono's vehicle and another vehicle he had access to matched eyewitness descriptions of the robber's vehicle; and (4) Fasono's fingerprints were found on the demand note used in the robbery. Additionally, although motive is not an element required for conviction, *see* 18

U.S.C. § 2113(a), the Government established that Fasono lost approximately $1,800 gambling a few hours prior to the robbery. A thorough review of the record and our strict standard of review require us to reject Fasono's sufficiency of the evidence argument.

Fasono next argues that he was entitled to a spoliation instruction based on the Government's failure to produce an eyewitness's written account of the robbery, which she gave on scene immediately after the incident occurred. That statement, Fasono contends, may have been exculpatory. Fasono alleges that the FBI, which conducted the investigation, at some point had possession of the written statement. However, the Government did not produce it before or at trial.

We review a district court's refusal to give a spoliation instruction for an abuse of discretion. *See United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000). We have previously held that a request for a spoliation instruction is properly denied when there is no evidence of bad faith conduct by the government. *See id.* The district court declined to give the instruction for this

very reason. Fasono, before the district court and on appeal, has pointed to no evidence of bad faith conduct by the Government. Applying our well-established spoliation jurisprudence, we find that the district court did not abuse its discretion when it declined to give a spoliation instruction.

For the foregoing reasons, we AFFIRM.

**AFFIRMED.**